**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:20-cr-253-TPB-SPF

STEVEN ECHEVARRIA.,

Defendant.
_________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Steven Echevarria's motion for compassionate release, filed *pro se* on April 20, 2026. (Doc. 298). On May 4, 2026, the Government filed its response. (Doc. 299). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On September 16, 2021, the Court sentenced Defendant to 150 months' imprisonment followed by 60 months' supervised release after he pleaded guilty to conspiracy to distribute controlled substances, including one kilogram or more of heroin and a quantity of fentanyl. (Doc. 202). Defendant, who is now 40 years old, is currently incarcerated at Coleman Medium FCI in Florida, and he is projected to be released on April 26, 2031.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison primarily due to health concerns. Specifically, Defendant claims that he suffers from a variety of chronic health conditions, including type II diabetes, tinea cruris, hypoglycemia, periodontitis,

arthritis causing pain in the limbs, a sprain of the shoulder joint, and a wrist injury diagnosed as a permanent disability. He also cites to incidents where he alleges the Bureau of Prisons did not provide a safe environment. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence based on his medical conditions.[1] Defendant has not shown that any of his alleged

[1] In USSG § 1B1.13, the Sentencing Commission identifies circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, including: (1) certain medical circumstances of the defendant, such as a terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) certain family circumstances; (4) the defendant was a victim of certain abuse while in custody; and (5) other circumstances, or a combination of circumstances, similar in gravity to those described above.

medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided.

Defendant also appears to cite several cases for the general proposition that nonretroactive changes of law should be considered as extraordinary and compelling circumstances, but he does not clearly explain what changes in the law may relate to his sentence. It appears that there is a circuit split as to whether an intervening change in the law may present extraordinary and compelling circumstances warranting a reduction of sentence. But the Court need not pick a side in this split of authority because in any event, the applicable § 3553(a) factors weigh heavily against granting compassionate release in this case. Defendant has an extensive criminal history – his criminal history category is VI, and the PSR reflects that Defendant is a prolific distributor of dangerous controlled substances and that he and members of his family have been involved in distributing heroin and fentanyl for many years. His criminal history includes numerous drug offenses, including offenses which carried prison sentences, and convictions for multiple misdemeanor batteries, affray, opposing an officer without violence, driving without a valid license, driving with a suspended license, petit theft, criminal mischief, driving under the influence, felony battery, and battery on a security officer (also a felony).

Given the seriousness of Defendant's crime, and his extensive prior record of criminal offenses, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE